IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GLOBAL BROTHER SRL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 25-325-MN |
| ) | |
| JOHN DOE d/b/a "Kolos Relief" and ) | |
| Does 2–10, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM ORDER

Pending before the Court is the *ex parte* motion of Plaintiff Global Brother SRL for alternative service under Rule 4(f)(3) or for leave to conduct limited discovery. (D.I. 9). For the reasons set forth below, Plaintiff's motion is DENIED without prejudice.

On March 14, 2025, Plaintiff filed a Complaint against Defendants alleging copying infringement based on, *inter alia*, the unauthorized use and reproduction of Plaintiff's copyrighted materials by unknown defendant(s). (D.I. 1). Before filing the lawsuit, Plaintiff submitted a takedown request pursuant to the Digital Millenium Copyright Act to the host of the offending website, Shopify. (D.I. 1 ¶ 19). Defendant John Doe d/b/a "Kolos Relief" filed a counter-notice, asserting a "good faith belief" that Defendants' actions were lawful. (*Id.* ¶ 20).

The counter-notice submitted by Defendants identified the following address for Defendant(s):

Kolos Relief
Stanley Street
World Trust Tower
Central Hong Kong Island
Hong Kong

(D.I. 1, Ex. B).

FILED

OCT 21 2025

U.S. DISTRICT COURT DISTRICT OF DELAWARE

The counter-notice also provided an email address, and Plaintiff communicated via that email address before filing suit. (D.I. 1 ¶ 21; D.I. 10 at 2). After filing suit, Plaintiff briefly communicated with Defendants' apparent legal representative. (D.I. 1 ¶ 21; D.I. 10 at 2–3). Since about March of 2025, however, Plaintiff's email communications have apparently gone unanswered. (D.I. 20 at 3).

Defendants are believed to be located in Hong Kong, a signatory to the Hague Convention. (D.I. 10 at 4). Federal Rule of Civil Procedure 4(f) describes how service must be made on a defendant located in a foreign country. Rule 4(f)(1) permits service "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents[.]"

"[C]ompliance with the [Hague] Convention is mandatory in all cases to which it applies." *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 705 (1988). Article 1 of the Hague Convention defines the scope of cases to which it applies. Consistent with Article 1, this court has found that "[t]he Hague Convention applies where civil litigants have cause to transmit judicial or extrajudicial documents internationally." *PATS Aircraft, LLC v. Vedder Munich GmbH*, 197 F. Supp. 3d 663, 672 (D. Del. 2016); *see also* Fed. R. Civ. P. 4(f)(1), Advisory Committee's Notes to the 1993 Amendment ("Use of the [Hague] Convention procedures, when available, is mandatory if documents must be transmitted abroad to effect service."). That way, "foreign nationals are assured of either personal service, which typically will require service abroad and trigger the Convention, or substituted service that provides notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Volkswagenwerk Aktiengesellschaft*, 486 U.S. at 705 (internal quotations omitted).

Plaintiff seeks leave from the Court pursuant to Rule 4(f)(3) to serve Defendants via email or, alternatively, to conduct limited discovery of the webhost, Shopify, to determine Defendants' physical location. Rule 4(f)(3) permits service "by other means not prohibited by international agreement, as the court orders."

Plaintiff argues that alternate service by email is appropriate because "Plaintiff *believes* the address for Defendants as provided in the DMCA Counter Notice is incomplete, false, or unserviceable, rendering service via the [Hague Convention] untimely and/or impracticable. (D.I. 10 at 3) (emphasis added). But, Plaintiff does not argue that it has attempted to comply with the Hague Convention, that it has made efforts to serve Defendants, or that it has conducted any investigation whatsoever to determine a valid address associated with Defendants. Nor does Plaintiff claim that the Hague Convention is inapplicable because Defendants' address is unknown. *Hague Convention*, Art. 1. Although neither Rule 4(f) nor controlling case law suggests that a court must always require a litigant to exhaust the potential for service under the Hague Convention before granting an order permitting alternative service under Rule 4(f)(3),[1] something more than the virtually nothing offered by Plaintiff—its subjective belief—is required here.

Because it does not appear that Plaintiff has undertaken any efforts to locate a valid address for Defendants, Plaintiff should not at this time be permitted to shift that burden to do so to a third party, Shopify, by issuing it a subpoena for such information.

Considering the foregoing and the facts of this case, I decline to exercise my discretion at this time to permit alternative service under Rule 4(f)(3) via email, or to authorize Plaintiff to

---

[1] *See, e.g., Vanderhoef v. China Auto Logistics Inc.*, 2019 WL 6337908, at *3, n.41 (D. N.J. Nov. 26, 2019) (citing cases). Notably, Plaintiff here does not make an undue delay argument, either.

conduct discovery of Shopify. Plaintiff is ordered to provide a status update regarding service or before December 31, 2025.

Dated: October 21, 2025

                                               _____
                                               Laura D. Hatcher
                                               UNITED STATES MAGISTRATE JUDGE