IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GLOBAL BROTHER SRL,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JOHN DOE d/b/a "Kolos Relief" and DOES 2-10,<br><br>　　　　　Defendants. | C.A. No. 25-325-MN |

**GLOBAL BROTHER SRL'S OPENING BRIEF IN SUPPORT OF ITS RENEWED
*EX PARTE* MOTION FOR ALTERNATE SERVICE OR FOR LIMITED DISCOVERY**

*Of Counsel:*

Jason L. DeFrancesco
**THE DEFRANCESCO LAW
FIRM PLLC**
110 Dungannon Blvd, Suite 101
Wilmington, NC 28403
(910) 833-5428
jasond@defrancesco.law

**SMITH, KATZENSTEIN & JENKINS LLP**

Neal C. Belgam (No. 2721)
Daniel A. Taylor (No. 6934)
1000 West Street, Suite 1501
Wilmington, DE 19801
(302) 652-8400
nbelgam@skjlaw.com
dtaylor@skjlaw.com

*Counsel for Plaintiff Global Brother SRL*

Dated: December 5, 2025

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ............................................................................................................ iii
I.     NATURE AND STAGE OF THE PROCEEDINGS ......................................................... 1
II.    SUMMARY OF ARGUMENT ......................................................................................... 1
III.   STATEMENT OF FACTS ................................................................................................ 1
IV.  ARGUMENT ..................................................................................................................... 4
       A.     Legal Standard ....................................................................................................... 4
       B.     Alternate Service via Email is Not Prohibited by
             International Agreement ........................................................................................ 5
       C.     Alternate Service by Email Comports with Due Process ...................................... 6
             1.     Service on Defendants' Legal Counsel is Appropriate            6
       D.    Service by Email is Appropriate ............................................................................ 7
       E.     If Alternate Service Is Not Granted, Limited Discovery
             Should Be Allowed ................................................................................................ 7
V.    CONCLUSION .................................................................................................................. 8

# **TABLE OF AUTHORITIES**

**Cases**

*Divx, LLC v. LG Elecs. Inc.*,
  2021 WL 411708 (D. Del. Feb. 5, 2021) ................................................................................. 6

*Emqore Envesecure Private Capital Tr. v. Singh*,
  2020 WL 12654314 (D.N.J. July 9, 2020) ............................................................................... 5

*Goddess Approved Prods., LLC v. Wolox*,
  2021 WL 11678467 (D. Del. Aug. 11, 2021) .......................................................................... 4

*In re TFT-LCD (Flat Panel) Antitrust Litig.*,
  2010 WL 1337743 (N.D. Cal. Apr. 2, 2010) ........................................................................... 6

*Ocimum Biosolutions (India) Ltd. v. LG Chem. Ltd.*,
  2021 WL 2403134 (D. Del. June 11, 2021) ............................................................................ 6

*Reybold Grp. of Companies, Inc. v. Does 1-20*,
  323 F.R.D. 205 (D. Del. 2017) ................................................................................................ 8

*Rio Props., Inc. v. Rio Int'l Interlink*,
  284 F.3d 1007 (9th Cir. 2002) ............................................................................................ 4, 6

*Strike 3 Holdings, LLC v. Doe*,
  2018 WL 1942364 (D. Del. Apr. 25, 2018) ............................................................................ 8

*Water Splash, Inc. v. Menon*,
  581 U.S. 271 (2017) ................................................................................................................ 5

*Willis v. Magic Power Co., Ltd.*,
  2011 WL 66017 (E.D. Pa. Jan. 7, 2011) ................................................................................. 5

**Other Authorities**

*Convention Done at the Hague November 15, 1965;*, T.I.A.S. No. 6638 (U.S.
  Treaty Feb. 10, 1969) .............................................................................................................. 5

**Rules**

Fed. R. Civ. P. 26(d)(1) ................................................................................................................. 7

## I. NATURE AND STAGE OF THE PROCEEDINGS

Plaintiff Global Brother SRL ("Plaintiff"), through undersigned, respectfully submits this Status Report regarding service pursuant to the Court's October 21, 2025 Memorandum Order, and renews its ex parte request for alternate service under Federal Rule of Civil Procedure 4(f)(3) or, alternatively, for leave to conduct limited discovery directed to Shopify, Inc. ("Shopify") to identify and locate Defendants.

## II. SUMMARY OF ARGUMENT

1. Alternate service by email is appropriate, because Defendants did not provide a valid address in Hong Kong sufficient for service under the Hague Convention.

2. In the alternative the court should grant limited discovery so that Plaintiff may retrieve from SHOPIFY identifying information to which can be used to effectuate service on the Defendants.

## III. STATEMENT OF FACTS

1. On or about February 21, 2025, Plaintiff discovered Defendants were using infringing listing(s) to advertise and sell counterfeit, unauthorized versions of its copyrighted books. (D.I. 1 at ¶ 18.)

2. The infringing listings were made through the offending website, https://kolosrelief.com/, which is hosted by SHOPIFY. (*Id.* at ¶¶ 18, 19.)

3. On or about February 21, 2025, Plaintiff submitted a takedown request to SHOPIFY pursuant to the Digital Millennium Copyright Act (DMCA), referencing the unauthorized, infringing listing (Ticket ID: f0841091-23ea-4ee0-8cc5-6898491ae793). Following its complaint, the Defendants' infringing advertisement was suspended. (*Id.* at ¶ 19.)

4. On or about February 25, 2025, Defendant John Doe d/b/a "Kolos Relief," filed a Counter-Notice, claiming that the takedown was made in error and asserting a "good faith belief" that the Defendants' actions were lawful. (*Id.* at ¶ 20.)

5. The counter-notice submitted by the Defendants, via SHOPIFY, identified the following address for Defendant(s):

> Kolos Relief
> Stanley Street
> World Trust Tower
> Central Hong Kong Island
> Hong Kong

(D.I. 1 at ¶ 20; D.I. 1-2, Ex. B (DMCA Counter Notice)).

6. Plaintiff filed the above-captioned copyright infringement action on March 14, 2025, naming John Doe d/b/a "Kolos Relief" and Does 2-10 as Defendants based on, inter alia, the unauthorized use and reproduction of Plaintiff's copyrighted materials by unknown defendant(s). (D.I. 1.)

7. Prior to initiating this lawsuit, Plaintiff had direct communications with Defendant(s) via the email address listed in the DMCA Counter Notice : try.kolosrelief@gmail.com. (D.I. 11, Exhibit 1 (DeFrancesco Declaration))

8. Since filing this lawsuit, Plaintiff has been in direct communication with Defendants' purported legal representative, who acknowledged the instant lawsuit via email from avvcoscarellagiovanni3@gmail.com on March 15, 2025, and indicated an ongoing representation relationship with Defendant(s). (*Id.*, Ex. 1.) As a result of said communications, Plaintiff's counsel has not attempted to communicate directly with the Defendant(s).

9. Since March 15, 2025, however, Defendants' purported Italian counsel has ignored Plaintiff's ongoing efforts to resolve the dispute and has refused to respond further to correspondence from Plaintiff. (D.I. 11 at ¶ 6.)

10. On July 8, 2025, Plaintiff filed its Ex Parte Motion for Alternate Service Under Rule 4(f)(3) or for Leave to Conduct Limited Discovery (D.I. 9) and Opening Brief in support (D.I. 10), supported by the Declaration of Jason L. DeFrancesco (D.I. 11) and exhibits.

11. The Court denied that motion without prejudice on October 21, 2025 (D.I. 14), noting that Plaintiff had not shown efforts to comply with the Hague Convention or conducted investigation to determine a valid physical address for Defendants, and directing Plaintiff to provide a status update regarding service on or before December 31, 2025, (*id.* at 3–4).

12. Since that Order, as detailed in the Declaration of Chiu Chi Wai Alan ("**Chiu Decl.**"), Plaintiff has undertaken targeted investigation in Hong Kong to verify the address Defendants provided in the DMCA Counter-Notice and to determine whether Defendants can be served through Hague Convention procedures. (*See generally*, **Chiu Decl.**)

13. Specifically, Plaintiff retained independent Hong Kong counsel, Chiu Chi Wai Alan, Managing Partner of Messrs. ELLALAN, who searched Hong Kong address registries and conducted on-the-ground investigation at or relating to the DMCA address: *Kolos Relief, Stanley Street, World Trust Tower, Central Hong Kong Island, Hong Kong.* (*Id.*)

14. Mr. Chiu's investigation concluded that the address is incomplete, not associated with Defendants, and is not a valid service address (e.g., lacks a specific building number/unit; World Trust Tower does not correspond to an identifiable service location for Defendants; and no registration or occupancy records tie Defendants to that address). (*Id.* at ¶ 10)

15. The investigation further reflects that Defendants' use of this defective address further confirms the address is not serviceable and that Defendants cannot presently be located for Hague service, rendering Hague Convention service impracticable and futile. (*Id.*)

## IV. ARGUMENT

Defendants provided an address in the DMCA Counter-Notice that lacked necessary location details and was believed incomplete or unserviceable. (**Chiu Decl.** at ¶ 10) Defendants also provided and used working email addresses, including try.kolosrelief@gmail.com; and counsel email avvcoscarellagiovanni3@gmail.com, through which they previously communicated with Plaintiff. Therefore, email service on Defendants and/or their apparent counsel is therefore reasonably calculated to provide actual notice and comports with due process.

### A. Legal Standard

Rule 4(f)(3) permits service upon a foreign defendant "by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3)[1] "Pursuant to Rule 4(f)(3), the Court may order that service be made by any means not prohibited by an international agreement, as long as the chosen means satisfies the due process requirement of being 'reasonably calculated' to apprise the parties of interest of the action." *Goddess Approved Prods., LLC v. Wolox*, 2021 WL 11678467, at *2 (D. Del. Aug. 11, 2021) (citation omitted)). Importantly, "Rule 4(f)(3) is neither a 'last resort' nor 'extraordinary relief.' It is merely one means among several which enables service of process on an international defendant." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002) (citation omitted).

---

[1] To the extent that any of Defendants are foreign corporations, partnerships, or associations, Rule 4(h)(2) authorizes service on a foreign corporation "in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)." Fed. R. Civ. P. 4(h)(2).

**B.     Alternate Service via Email is Not Prohibited by International Agreement**

Service of process via email is not prohibited by an international agreement—namely, the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents ("Hague Service Convention"). *Convention Done at the Hague November 15, 1965;* T.I.A.S. No. 6638 (U.S. Treaty Feb. 10, 1969) Notably, the Hague Service Convention neither expressly prohibits nor authorizes service by email. *See generally id.* The Hague Service Convention generally requires signatories to send judicial documents through the Central Authority of the State. *Id.*, Art. 1-6. Article 10, however, provides exceptions to the general rule and permits sending judicial documents directly to persons abroad through postal channels, provided that the receiving country has not objected to Article 10. *Id.*, Art. 10; *see also Water Splash, Inc. v. Menon*, 581 U.S. 271, 279 n.3 (2017) ("Article 10(a) . . . is the only provision in the Convention that specifically contemplates direct service, without the use of an intermediary.").

Hong Kong, where the Defendant(s) purports to be located, is a signatory to the Hague Service Convention. "Hong Kong has not objected to mail service under Article 10." *Emqore Envesecure Private Capital Tr. v. Singh*, 2020 WL 12654314, at *2 (D.N.J. July 9, 2020); *see also Willis v. Magic Power Co., Ltd.*, 2011 WL 66017, at *3 (E.D. Pa. Jan. 7, 2011) ("Neither the People's Republic of China nor Hong Kong has objected under the Hague Service Convention to service of process by mail in Hong Kong."). Service by email complies with Rule 4(f) and is not prohibited by the Hague Convention or other international agreements.

Notably, no international agreement prohibits service by email in this case, because the Hague Convention does not apply. The Hague Convention specifically does not apply when "the address of the person to be served with the document is not known." *Hague Convention*, Art. 1. Here, Defendants(s) do not have a valid, known address. (**Chiu Decl.** at ¶ 10) Therefore, the Hague Convention does not apply and cannot prohibit service by email.

5

### C. Alternate Service by Email Comports with Due Process

Turning to whether service of process via email comports with due process requirements, courts have held "[w]ithout hesitation" that email comports with due process as an alternative method of service of process under Rule 4(f)(3). *Rio Props.*, 284 F.3d at 1016-17; *see also Henry F. Teichmann, Inc. v. Caspian Flat Glass OJSC*, 2013 WL 1644808, at *2 (W.D. Pa. Apr. 16, 2013) (quoting *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950)) ("[A]lternative service via email in this instance comports with constitutional notions of due process because the method of service in this case provides, 'notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'"). Moreover, courts in this District have found service by email to be "reasonably calculated" to apprise a party of the pendency of the action. *Ocimum Biosolutions (India) Ltd. v. LG Chem. Ltd.*, 2021 WL 2403134, at *2 (D. Del. June 11, 2021); *Divx, LLC v. LG Elecs. Inc.*, 2021 WL 411708, at *2-3 (D. Del. Feb. 5, 2021). Given Defendant's prior use of the email address in question, service to this email address of Defendant is likely to provide actual notice of the proceedings.

### 1. Service on Defendants' Legal Counsel is Appropriate

Service upon a foreign defendant's U.S.-based counsel has been deemed appropriate under Rule 4(f)(3) when the counsel is in communication with the defendant regarding the litigation. *See, e.g., In re TFT-LCD (Flat Panel) Antitrust Litig.*, 2010 WL 1337743, at *3 (N.D. Cal. Apr. 2, 2010) (permitting service on foreign defendants' U.S. counsel under Rule 4(f)(3)); *see cf. Rio Props.*, 284 F.3d at 1017 (finding service on defendant's U.S. attorney to be "reasonably calculated" to apprise the defendant of the pendency of the present action, "because he had been specifically consulted by RII regarding this lawsuit.").

In this case, Italian counsel acknowledged representation of Defendant(s) and engaged in communications with the Plaintiff's counsel concerning this litigation. DeFrancesco Declaration at ¶¶ 4, 5, and Exhibit 2. Therefore, service upon Italian counsel via email at avvcoscarellagiovanni3@gmail.com is reasonably calculated to notify Defendant(s) of the action.

### D.    Service by Email is Appropriate

The Court may order service by any means not prohibited by an international agreement, as long as the chosen means satisfies the due process requirement of being 'reasonably calculated' to apprise the parties of interest of the action. *Goddess Approved Prods.*, 2021 WL 11678467, at *2. These conditions are now satisfied. Plaintiff diligently investigated Defendants' purported Hong Kong address. The investigation confirms the address is invalid, and no alternative physical service location has been identified. In contrast, Defendants' email addresses are known, active, and previously used for communications about this dispute. Email service on Defendants and/or their apparent counsel is therefore reasonably calculated to provide actual notice and comports with due process.

### E.    If Alternate Service Is Not Granted, Limited Discovery Should Be Allowed

If the Court does not grant alternate service, Plaintiff renews its alternative request for leave to serve a narrow subpoena on Shopify in attempt to obtain identifying and locating information for Defendants. "A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order[,]" Fed. R. Civ. P. 26(d)(1). "Although the United States Court of Appeals for the Third Circuit has not adopted a standard for evaluating such requests, this Court has previously held that a 'good cause' standard should apply—one requiring the party seeking discovery to demonstrate that its request is 'reasonable' in light of the relevant circumstances." *Reybold Grp. of Companies, Inc. v. Does 1-*

7

*20*, 323 F.R.D. 205, 208 (D. Del. 2017) (citations omitted). "To determine whether good cause exists, the Court considers many factors, including: (1) whether Plaintiff has established a *prima facie* showing of copyright infringement; (2) whether Plaintiff 'has no other way to identify the alleged wrongdoers, aside from obtaining the discovery at issue;' and (3) whether 'expedited discovery is necessary because evidence identifying the defendants may be otherwise destroyed (e.g., as a result of routine deletion by third party ISPs).'" *Strike 3 Holdings, LLC v. Doe*, 2018 WL 1942364, at *1 (D. Del. Apr. 25, 2018) (quoting *Reybold*, 323 F.R.D. at 208).

First, Plaintiff has established a *prima facie* case of copyright infringement in the pleadings, demonstrating clear copying of its books, that include copying entire pages from Plaintiff's registered works, including images and content being used as advertising and/or for sale. *Id.* at *2. This is not a speculative claim. Second, Defendants have failed to adequately identify themselves and to provide a complete postal address or other identifying information. Plaintiff has no other way to identify Defendants. *Id.* SHOPIFY holds the necessary identity and payment information to confirm who the responsible parties are. Third, discovery from SHOPIFY is necessary to identify these parties before any relevant identifying information is lost or destroyed. *Id.* Therefore, if the Court does not permit alternate service by email, Plaintiff respectfully requests authority to issue a subpoena to SHOPIFY for this limited purpose.

V. **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court grant its motion.

Dated: December 5, 2025

*Of Counsel:*

Jason L. DeFrancesco
**THE DEFRANCESCO LAW FIRM PLLC**
110 Dungannon Blvd, Suite 101
Wilmington, NC 28403
(910) 833-5428
jasond@defrancesco.law

**SMITH, KATZENSTEIN & JENKINS LLP**

*/s/ Daniel A. Taylor*
Neal C. Belgam (No. 2721)
Daniel A. Taylor (No. 6934)
1000 West Street, Suite 1501
Wilmington, DE 19801
(302) 652-8400
nbelgam@skjlaw.com
dtaylor@skjlaw.com

*Counsel for Plaintiff Global Brother SRL*